### State of Vermont v. Deborah A. Sprague

[479 A.2d 128]

No. 83-391

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed May 11, 1984

Motion for Reargument Denied June 25, 1984

*John J. Easton, Jr.,* Attorney General, *Susan R. Harritt,* Assistant Attorney General, Montpelier, and *Gregory W. Mc-Naughton,* Barre, for Plaintiff-Appellant.

*Andrew B. Crane,* Defender General, *William A. Nelson,* Appellate Defender, Montpelier, and *William K. Sessions,* Middlebury, for Defendant-Appellee.

**Hill, J.** Pursuant to V.R.A.P. 5(b) and 13 V.S.A. § 7403, the State appeals an interlocutory order suppressing certain evidence in this case. We affirm in part and reverse in part.

In April of 1982 William Miller and the defendant were charged with first degree murder. Miller later entered into a plea agreement according to which he pled guilty to second degree murder in exchange for agreeing to testify against the defendant. At approximately 3 p.m. on December 29, 1982, Miller's deposition was taken. At about 5:15 p.m., after the State had completed its questioning but before the defendant's counsel had finished cross-examining Miller, the deposition was adjourned due to the lateness of the hour. The parties agreed to continue the deposition at a later date so that the defendant's counsel could complete his cross-examination. On December 30, 1982, Miller testified at a hearing on the defendant's motion to suppress evidence of alleged prior beatings by the defendant upon the murder victim. The State claimed that these prior bad acts established a motive for the murder in that the murder was committed to prevent a possible police investigation into the alleged beatings. Miller's testimony at this hearing was for the purpose of establishing a motive for the murder, so the trial court could decide whether to allow evidence of the alleged acts at the defendant's trial. Since January of 1983, Miller has refused to complete his deposition and has stated that he will not testify against the defendant at her trial.

The defendant moved to exclude Miller's deposition and suppression hearing testimony, claiming that the testimony was inadmissible hearsay. The trial court granted the defendant's motion. The court found that Miller was an unavailable witness under V.R.E. 804(a), and that the defendant did not have a sufficient opportunity to cross-examine Miller at his deposition or a sufficient opportunity and motive to develop Miller's testimony at the suppression hearing. The court therefore concluded that Miller's prior testimony at the deposition and at the suppression hearing was inadmissible under V.R.E. 804(b)(1) and the confrontation clause of the Sixth Amendment to the United States Constitution. The State moved for and received permission to take an interlocutory appeal of the court's order pursuant to V.R.A.P. 5(b)(1)(C).

A statement is hearsay if it is made by someone other than the declarant while testifying at trial, and is offered to prove the truth of the matter asserted. V.R.E. 801(c). The transcripts of Miller's deposition and his testimony at the suppres-

sion hearing, therefore, are hearsay. Hearsay statements are not admissible, V.R.E. 802, unless they fall within one of the exceptions enumerated in V.R.E. 803, 804, or 805. V.R.E. 804(b)(1) provides an exception to the hearsay rule for prior testimony given by a declarant who is unavailable as a witness at trial. That rule states:

> The following [is] not excluded by the hearsay rule if the declarant is unavailable as a witness: . . . Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

V.R.E. 804(b)(1).[1]

 Prior testimony of an unavailable witness should be admitted only if the testimony was "made under such circumstances of opportunity and motive for cross-examination as to make [it] sufficiently trustworthy to be used in the effort to ascertain the truth." McCormick, Evidence § 258, at 623 (2d ed. 1972). Actual cross-examination is not required, "but merely an *opportunity to exercise the right to cross-examine* if desired." 5 Wigmore, Evidence § 1371, at 55 (Chadbourn rev. 1974) (emphasis in original); see McCormick, *supra*, § 255, at 616 ("Actual cross-examination . . . is not essential, if the opportunity was afforded and waived."). In addition, the opportunity to cross-examine must be "full, substantial and meaningful in view of the realities of the situation." *United States* v. *Franklin*, 235 F. Supp. 338, 341 (D.D.C. 1964); see also *United States* v. *Wingate*, 520 F.2d 309, 316 (2d Cir. 1975) (requiring meaningful opportunity to cross-examine); McCormick, *supra* ("The opportunity [to cross-

---

[1] The deposition and suppression hearing involved in this case took place prior to the adoption of the Vermont Rules of Evidence. However, pre-V.R.E. case law had established virtually identical requirements for admitting prior testimony of an unavailable witness as V.R.E. 804(b)(1). Reporter's Notes to V.R.E. 804(b)(1). Since the parties base their arguments on V.R.E. 804(b)(1), we will confine this opinion to an analysis of the requirements under the Rule.

examine] must have been such as to render the conduct of the cross-examination or the decision not to cross-examine meaningful in the light of the circumstances which prevail when the former testimony is offered.").

## A. The Deposition

The trial court concluded that the defendant's counsel did not have a sufficient opportunity to cross-examine Miller at the deposition to satisfy the requirements of V.R.E. 804(b)(1). The court's findings support this conclusion. The court found that the deposition was adjourned

> in the midst of the Defendant's cross-examination of Miller. The parties agreed that the deposition would be continued at a later date at which time the [Defendant's counsel] conclude his cross-examination of Miller.

The court further found that at the time the deposition was adjourned the parties expected Miller to continue to testify at a later date.

The record supports the court's findings. Just before the deposition was adjourned the defendant's counsel indicated that he had many more questions to ask Miller when the deposition reconvened. At the subsequent hearing on the defendant's motion to exclude Miller's deposition testimony, defendant's counsel stated that he would have questioned Miller on issues of guilt, motive, and credibility if the deposition had been reconvened. The defendant's counsel also indicated, and the trial court found, that he did not anticipate that Miller would be unavailable at trial. Since the deposition was never continued, the defendant's counsel was deprived of the opportunity to cross-examine Miller sufficiently. Such an opportunity was crucial, especially since Miller was the State's key witness. See *United States* v. *Nunez*, 668 F.2d 1116, 1121 (10th Cir. 1981) (if the witness is "the chief Government witness, providing the crucial link in the prosecution's case, the importance of full cross-examination is necessarily increased").

We hold, therefore, that the trial court did not commit an abuse of discretion in concluding that Miller's deposition testimony did not satisfy the requirements of V.R.E. 804(b)(1).

We affirm the court's order that this testimony will be inadmissible at the defendant's trial.

## B. The Suppression Hearing

The trial court also excluded Miller's suppression hearing testimony. The court found: (1) that the defendant's counsel did not have a sufficient opportunity and similar motive to cross-examine Miller at the suppression hearing to satisfy the requirements of V.R.E. 804(b)(1), and (2) that the cross-examination did not satisfy the requirements of the Sixth Amendment's confrontation clause. After reviewing the transcript of the suppression hearing, we conclude that the defendant's cross-examination of Miller satisfies both V.R.E. 804(b)(1) and the confrontation clauses of the United States and Vermont Constitutions.[2] Accordingly, we reverse this portion of the trial court's ruling.

At the outset, we note that the purposes served by the hearsay exception embodied in V.R.E. 804(b)(1), discussed *supra,* and the constitutional right to confront witnesses, overlap substantially. See *Ohio* v. *Roberts,* 448 U.S. 56, 66 (1980). Therefore, in this section we will discuss the "opportunity to cross-examine" in terms of the constitutional claim.

The Sixth Amendment to the United States Constitution provides, in pertinent part:

> In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . .[3]

The United States Supreme Court has emphasized that "the right of confrontation and cross-examination is an

---

[2] The Vermont Constitution's right of confrontation is contained in Ch. I, Art. 10: "[i]n all prosecutions for criminal offenses, a person hath a right . . . to be confronted with the witnesses . . . ." The defendant has claimed that Miller's testimony also should be excluded on the basis of this section of the Vermont Constitution. We think the Vermont confrontation clause provides the same right as the confrontation clause of the Sixth Amendment to the federal Constitution. Therefore, our discussion of the Sixth Amendment's confrontation clause applies equally to the Vermont Constitution's confrontation clause.

[3] The Sixth Amendment was made applicable to the states by the Fourteenth Amendment. *Pointer* v. *Texas,* 380 U.S. 400, 405 (1965).

essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer* v. *Texas,* 380 U.S. 400, 405 (1965). Moreover, "[t]he right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness." *Barber* v. *Page,* 390 U.S. 719, 725 (1968). The Supreme Court has also recognized, however, that states have a competing interest in effective law enforcement, *Ohio* v. *Roberts, supra,* 448 U.S. at 64, so that the right to confrontation occasionally must "give way to considerations of public policy and the necessities of the case." *Mattox* v. *United States,* 156 U.S. 237, 243 (1895). Therefore, there traditionally has been an exception to the confrontation requirement when a witness is unavailable and has given testimony at a prior proceeding. *Barber* v. *Page, supra,* 390 U.S. at 722. In order for this exception to apply, however, the evidence must possess certain "indicia of reliability" to "afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement." *California* v. *Green,* 399 U.S. 149, 161 (1970); see *Mancusi* v. *Stubbs,* 408 U.S. 204, 213 (1972). Thus, the prior testimony must have "been given under circumstances closely approximating those that surround the typical trial." *California* v. *Green, supra,* 399 U.S. at 165. These circumstances include: the declarant testified under oath; the defendant was represented by counsel; the defendant had the opportunity to cross-examine the declarant; and the proceedings were conducted before a judicial tribunal that recorded the hearing. *Id.*

The requirements established by *California* v. *Green, supra,* clearly were satisfied in the case at bar. Miller testified under oath at the suppression hearing, which took place in the presence of a judge and was recorded and transcribed. The defendant was represented by counsel. Finally, we think the defendant's counsel had an adequate opportunity to cross-examine Miller. First, the defendant's counsel's questions took the *form* of cross-examination: he asked Miller many leading questions, which are "the principal tool and hallmark of cross-examination." *Ohio* v. *Roberts, supra,* 448 U.S. at 70–71. In addition, the questioning fulfilled the *purpose* of cross-examination, which is to "challenge 'whether the declarant was sincerely telling what he believed to be the truth, whether the

declarant accurately perceived and remembered the matter he related, and whether the declarant's intended meaning is adequately conveyed by the language he employed.' " *Id.* at 71 (quoting Davenport, *The Confrontation Clause and the Co-Conspirator Exception in Criminal Prosecutions: A Functional Analysis,* 85 Harv. L. Rev. 1378 (1972)).

Although the ostensible purpose of the suppression hearing was to determine whether evidence of alleged prior beatings upon the victim by the defendant would be admissible at trial, the state's attorney's questioning of Miller went beyond this topic. On cross-examination, the defendant's counsel was able to question Miller extensively on virtually all the points raised on direct examination. The defendant argues that the trial court prevented full cross-examination by disallowing questions by the defendant's counsel that went beyond the scope of the suppression hearing. Upon reading the transcript of the hearing we disagree with the defendant and find that the defendant's counsel was not "significantly limited in any way in the scope or nature of his cross-examination of the witness . . . ." *California* v. *Green, supra,* 399 U.S. at 166. Thus, we think both the requirements of the confrontation clause and V.R.E. 804(b)(1)'s requirement of "opportunity to cross-examine" were satisfied by the defendant's counsel's cross-examination at the suppression hearing.

The defendant also argues that she did not have a "similar motive" to develop Miller's testimony to satisfy the requirements of V.R.E. 804(b)(1). We disagree. An examination of the transcript of the defendant's counsel's cross-examination of Miller reveals that counsel's questions went beyond the purported scope of the hearing to the issue of guilt or innocence.

 Since the requirements of both the confrontation clause and V.R.E. 804(b)(1) were satisfied, the transcript of Miller's testimony at the suppression hearing is admissible at the defendant's trial.

*Affirmed in part and reversed in part.*