### State of Vermont v. Roger Carroll

[513 A.2d 1159]

No. 83-559

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed February 7, 1986

Motion to Reargue Granted May 2, 1986

*William D. Wright*, Bennington County Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*David W. Curtis*, Defender General, *Henry Hinton* and *William A. Nelson*, Appellate Defenders, Montpelier, for Defendant-Appellant.

**Allen, C.J.** The defendant appeals his conviction of three counts of extortion. 13 V.S.A. § 1701. The judgment is reversed and the matter remanded for a new trial.

The first claim of error on appeal concerns the State's use of an informant's deposition at trial rather than direct testimony by the informant. Trial was originally set for June 16, 1983. It was continued until July 19, 1983, however, because the informant, the principal witness for the State, moved to Colorado while under subpoena and was not located until shortly before the original trial date. To ensure that the informant would be present for the new trial date in July, the State invoked the Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Cases. 13 V.S.A. § 6646.

The State appeared with its witnesses on July 19, 1983, including the informant. The defendant's attorney appeared, but the defendant did not. An arrest warrant was issued, and the defendant was apprehended in Massachusetts as a fugitive from justice. According to his attorney, the defendant had not appeared for his trial because he had moved from the address given his attorney to use for correspondence, and had not contacted his attorney about the change. The defendant, therefore, did not receive the letter his attorney had posted informing him of the trial date, and was otherwise unaware of the date because he had made no effort to contact the attorney.

The State then moved to take the informant's deposition "in order to preserve necessary testimony in the event the State cannot afford to fly 'the witness' back to Bennington a second time

. . . ." In response to the defendant's objection, the State argued that the deponent would be "unavailable" as defined and required by V.R.Cr.P. 15(b) and (g), and V.R.E. 804(a)(5), because he was intent on going back to Colorado, and the State had no means to detain him. The trial court granted the motion, and the State took the informant's deposition. Trial was held in August, and the deposition was read into evidence, again over the defendant's objection.

The defendant claims that the trial court erred in admitting the deposition as evidence at the August trial. He contends that the deponent was not "unavailable," because the State did not make the required "good faith" effort to ensure his presence at trial. *Barber* v. *Page*, 390 U.S. 719, 724-25 (1968).

█ The State initially sought to introduce the deposition as being in conformity with the exception to the hearsay rule codified in V.R.Cr.P. 15(g) and V.R.E. 804(b)(1). Under this hearsay exception, a witness's deposition can be used instead of his direct testimony if he is "unavailable," as that term is defined by the rules.

As the State acknowledges in its brief to this Court, however, the "unavailability" of a witness is ultimately a constitutional question rather than one of the interpretation of statutorily created rules of evidence. The hearsay rules and the confrontation clause of the Sixth Amendment are designed to protect similar values. *California* v. *Greene*, 399 U.S. 149, 155 (1970). However, the congruence is not exact, and a statement which might be admissible under the rules must still be subject to a more rigorous constitutional scrutiny. This is especially true of the rules' use of the term "unavailable," for the interpretation of that term determines when the proponent of a witness is excused from having to ensure that the witness is present at trial, which goes to the heart of the confrontation clause.

The Sixth Amendment's confrontation clause was applied to the states through the Fourteenth Amendment in *Pointer* v. *Texas*, 380 U.S. 400, 406 (1965). In so holding, the Court said, "[t]here are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Id.* at 405,

*quoted in State* v. *Sprague,* 144 Vt. 385, 390-91, 479 A.2d 128, 131 (1984).

■ The confrontation clause has been interpreted as reflecting a preference for face to face confrontation at trial, *Ohio* v. *Roberts,* 448 U.S. 56, 65 (1980), for when the witness is compelled to stand face to face with the jury, " 'they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.' " *Id.* at 64 (quoting *Mattox* v. *United States,* 156 U.S. 237, 242-43 (1895)). Nonetheless, courts have recognized an exception to this strict requirement of confrontation when a witness can not be present to testify at trial, but has given earlier testimony subject to cross-examination by the defendant. "This exception has been explained as arising from necessity and has been justified on the ground that the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirement." *Barber* v. *Page, supra,* 390 U.S. at 722.

■ The United States Supreme Court has established a two-part test to determine whether proffered hearsay testimony satisfies this exception to the confrontation clause. First, the prosecution must demonstrate that the declarant whose statement it wishes to use against the defendant is "unavailable." *Ohio* v. *Roberts, supra,* 448 U.S. at 65. If the witness is shown to be unavailable, the prosecution must then satisfy the court that the prior testimony bears sufficient "indicia of reliability." *Id.* at 66; *State* v. *Sprague,* 144 Vt. 385, 391, 479 A.2d 128, 131 (1984).

■ Under the first requirement, a witness is not "unavailable" merely because he is not present at the trial. Rather, "a witness is not 'unavailable' for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a *good-faith effort* to obtain his presence at trial." *Barber* v. *Page, supra,* 390 U.S. at 724-25 (emphasis added). Where a witness is absent from the jurisdiction, "the government must show that it has engaged in a diligent effort to locate and procure the witness' return." *Ohio* v. *Roberts, supra,* 448 U.S. at 79 (Brennan, J., dissenting). In this case, the State unquestionably acted in good faith to procure the witness' presence for the earlier trial dates. The prosecution initially subpoenaed the witness for the original trial date. When the witness moved out of state, the prosecution properly moved for a continuance and invoked 13 V.S.A. § 6646 to secure his presence for the rescheduled

trial date. The State, however, made no effort to secure his presence for the actual trial date.

The State acknowledges it knew where the witness was. Therefore, the rules governing "unavailability" as set forth in *Barber, supra*, 390 U.S. at 724-25, are not strictly applicable. Nonetheless, the State urges this Court to recognize that the defendant's failure to appear for the initially rescheduled trial made it impractical for the State to reinvoke the legal mechanism necessary to ensure the witness' presence at trial. The State argues that when its initial good faith efforts are coupled with the defendant's malfeasance, the informant may be viewed as "unavailable" within the meaning of *Barber, supra*, 390 U.S. at 724-25. The question presented for review is therefore whether the defendant waived his confrontation rights by failing to appear for his originally rescheduled trial, thereby excusing the State from its good faith duty to procure the informant's presence at trial.

A defendant can waive his Sixth Amendment right to confront a witness testifying against him. He may do so voluntarily by explicitly stating that he waives the right, or by entering into a plea bargain. *Boykin* v. *Alabama*, 395 U.S. 238, 243 (1969); *Brookhart* v. *Janis*, 384 U.S. 1, 4 (1966). The defendant's conduct may effect a waiver, as where the defendant absents himself from trial, or intimidates a witness from testifying. *Taylor* v. *United States*, 414 U.S. 17 (1973); *United States* v. *Carlson*, 547 F.2d 1346, 1358 (8th Cir. 1976).

To be effective, waiver must be "an *intentional* relinquishment or abandonment of a *known* right or privilege." *Johnson* v. *Zerbst*, 304 U.S. 458, 464 (1938) (emphasis added). In *Taylor, supra*, 414 U.S. at 19-20, the defendant left the trial proceedings after they had begun. The Court concluded that the defendant had no right to interrupt the proceedings by his voluntary absence, and, upon determining that he was not unaware of the consequences of his actions, held that his absence constituted a waiver of his confrontation rights.

Unlike *Taylor*, it has not been shown that the defendant deliberately absented himself from trial, for so far as is shown he was never made aware of the July 19th trial date. Based upon the record before us, it cannot be said that his absence due to lack of notice was a calculated action taken with full awareness of the consequences that could ensue. *United States* v. *King*, 552 F.2d

833, 844 (9th Cir. 1976), *cert. denied*, 430 U.S. 966 (1977); see also *United States* v. *Pastor*, 557 F.2d 930, 933-34 (2d Cir. 1977).

The defendant's absence was "voluntary," in that he failed to take affirmative steps to ensure that he would receive notice of when his trial would begin. This neglect was not shown to be a conscious effort to "defy the processes of th[e] law," *Diaz* v. *United States*, 223 U.S. 442, 458 (1912), or a purposeful attempt to defeat the "governmental prerogative to proceed with a trial." *Illinois* v. *Allen*, 397 U.S. 337, 349 (1970) (Brennan, J., concurring). Indeed, the defendant was released upon his own recognizance after his arrest for failing to show up for the original trial, based on the trial court's expectation that he intended to appear at trial once he had been made aware of the scheduled hearing date.

█ Under the facts of this case, it cannot be said that the defendant's neglect rises to the level of an intentional relinquishment of his confrontation rights. The State identified the testimony of the informant as essential to its case, and should therefore have made every effort to secure the presence of its witness by attempting to secure a date certain for the trial, or another continuance in order to again utilize the Uniform Act to secure the witness' attendance for a future date if that became necessary.* Absent such efforts, there is no showing that the witness was "unavailable," and the defendant's Sixth Amendment confrontation rights were violated. The matter must therefore be remanded for a new trial in which the defendant is given the chance to confront the witness before the jury. See *Dutton* v. *Evans*, 400 U.S. 74 (1970).

The defendant also claims error in the trial court's instructions to the jury. The question raised by defendant's claim will in all probability recur on retrial, and it is therefore appropriate that it be addressed.

---

* To justify its failure to subpoena the witness on July 25th for the upcoming trial the following week, the State argues that this case was backup and the "State wasn't sure if the case would go to trial or not." An examination of the transcript of the hearing on the motion to take the witness' deposition indicates that the State and defense counsel were the attorneys involved in the case to which this case was to be the backup. The attorney for the defendant stated his willingness to have this matter tried first, indicating that the earlier case would probably "settle." The State could therefore have obtained a firm date and hence the certainty it now contends was unobtainable.

The defendant contends the court erred in not affirmatively instructing the jury that it could consider whether the defendant acted in good faith when he obtained the money from the alleged shoplifters, and if so, whether such good faith demonstrated that he did not act with an intent to extort. The defendant contends that, absent this good-faith instruction, the jury was permitted to convict the defendant without considering whether the defendant knew his conduct was illegal.

■ Contrary to the defendant's contention, the trial court's instruction gave adequate notice to the jury that the defendant could only be convicted upon a showing that he was aware of the legal consequences of his actions. Jury instructions must be reviewed as a whole rather than piecemeal. *State* v. *Gokey*, 136 Vt. 33, 36, 383 A.2d 601, 602 (1978). In the charge, the jury was informed that the word "extort" means the "willful doing of an injurious act without lawful excuse," and that the intent of the defendant must have been to obtain money "with the consent of the victim but by unlawful means." The trial court's instructions concluded with the remarks:

> And if you find the defendant, for any reason whatever, did not consciously and knowingly act with intent to commit an extortion at the time and place alleged in the information, then the crime of extortion could not have been committed and you must find him not guilty.

These instructions "adequately covered the point charged and amply protected the rights of the defendant." *Id.*

*Reversed and remanded.*

## On Motion to Reargue

**Allen, C.J.** After this opinion was filed, the State filed a timely motion to reargue, asserting that the improper admission of the deposition testimony tainted only one of the defendant's three convictions on three counts of extortion, and that the remaining two convictions should stand. The State contends that the deposition testimony related solely to one count, and that there was overwhelming evidence to support the convictions on the other two counts.

■ The State's argument is persuasive in the light of *Delaware* v. *Van Arsdall*, ___ U.S. at ___, 106 S. Ct. 1431 (1986), which

mandates this Court to conduct a harmless error analysis when a violation of the confrontation clause is shown. See also *State* v. *Nash*, 144 Vt. 427, 434, 479 A.2d 757, 761 (1984). The denial of the defendant's right to cross-examine the deponent did not unduly prejudice his ability to present his defense on the other two counts of extortion. The evidence on these two counts was totally independent of and unrelated to the deposition complained of. The error as to these counts was harmless beyond a reasonable doubt. *Van Arsdall, supra,* ___ U.S. at ___, 106 S. Ct. at 1438. The convictions on those two counts must stand.

*Motion to reargue granted; the entry order is modified to read as follows: The conviction on count one is reversed and remanded; the remaining two convictions are affirmed.*