## State of Vermont v. David Lupien

[370 A.2d 196]

No. 245-75

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed February 1, 1977

*Gregory W. McNaughton,* Washington County State's Attorney, and *Brian J. Grearson,* Deputy State's Attorney, Montpelier, for Plaintiff.

*James L. Morse,* Defender General, and *Robert M. Paolini,* Deputy Defender General, Montpelier, for Defendant.

**Daley, J.** The respondent was convicted of simple assault following a trial by jury in the District Court of Vermont, Unit No. 5, Washington Circuit. Claiming that the trial court improperly limited his counsel's cross-examination of the State's chief witness, he seeks a reversal of his conviction. Upon consideration of the arguments and a review of the record, we rule that the error committed by the trial court was non-prejudicial to the respondent and affirm the conviction.

The respondent's conviction for simple assault, 13 V.S.A. § 1023(a)(1), stems from incidents which allegedly occurred on January 16, 1974. On that evening a thirteen-year-old girl, who later was to be the State's chief witness at the respondent's trial, was babysitting at a home in the City of Barre. At 10:18 p.m., in response to a knock at the kitchen door, she spoke to a man who claimed that his car had just run out of gasoline. He asked if he could enter the home for a few minutes in order to warm up. She allowed him to enter, and then returned to the living room to resume her television viewing. According to her testimony at the

trial, this man, identified as the respondent, followed her into the living room and, after a few minutes of conversation, jumped upon her and began to choke her. A scuffle ensued, with the assailant leaving the home after one of the children awoke and told the man to leave.

At the respondent's trial, this witness testified during cross-examination that she was watching a certain television program at the time that the assailant knocked at the kitchen door. When asked by the respondent's counsel if she had earlier responded in a different manner, this witness said that she could not remember. At this point, respondent's counsel attempted to use an incomplete, unsigned deposition to refresh her memory and to indicate a prior statement which was inconsistent with her testimony at trial. The trial court sustained the State's objection to the use of the deposition on the basis that it had not been completed and that the witness had not had the opportunity to review it and sign it. Timely objection to this ruling was made by respondent's counsel. The propriety of the trial court's limitation of cross-examination, and the effect such limitation had on the respondent's rights, are the subjects of this appeal.

■ In this jurisdiction, the use of depositions in criminal proceedings is, in part, governed by the rules pertaining to civil actions. See V.R.Cr.P. 15(d) and V.R.C.P. 30. The State argues that inasmuch as the document which the respondent's counsel attempted to use had not been completed or signed as required by the rules, it could not be employed for the purposes of refreshing the witness's recollection or impeaching her credibility. However, in view of the fact that the respondent's counsel was not attempting to introduce the statements in the deposition as substantive evidence, we feel that the State's theory concerning the applicability of the rules, and the trial court's adoption of this view, was erroneous.

■ This Court has previously noted that a witness may be impeached by use of prior statements inconsistent with his trial testimony regardless of the formalities attending the utterance of the prior inconsistent statements. *Bennett* v. *Robertson*, 107 Vt. 202, 211-12, 177 A. 625 (1935). Indeed, it is generally recognized that the form of the prior inconsistent statement is immaterial when this statement is used to impeach the credibility of a witness. 81 Am. Jur. 2d *Witnesses* § 600. See also *State* v. *Atkins*,

494 S.W.2d 317, 319-20 (Mo. 1973). The rules of civil and criminal procedure as they pertain to the taking and acknowledgment of depositions are intended as assurances of trustworthiness when the deposition is to be admitted as substantive evidence. Where, as here, the recorded statement is used to impeach the credibility of a witness, it is to be viewed as any other prior statement of that individual. Defects relating to the acknowledgment of the deposition will not bar the use of statements contained therein for the purpose of impeaching credibility. We therefore rule that the trial court erred in refusing to allow respondent's counsel to question the witness regarding the recorded prior inconsistent statements because of the defects in the deposition.

█ Having determined the existence of error, we next address the issue as to whether this error harmed or prejudiced the respondent. *State* v. *Morrill*, 127 Vt. 506, 514, 253 A.2d 142 (1969). He bears the burden of establishing that the limitation of the cross-examination of the State's witness resulted in prejudice. *State* v. *Berard*, 132 Vt. 138, 145, 315 A.2d 501, *cert. denied*, 417 U.S. 950 (1974); *State* v. *Morse*, 127 Vt. 137, 141, 241 A.2d 328 (1968). Inasmuch as prejudice is determined from the facts presented by each case, *State* v. *Rebideau*, 132 Vt. 445, 449, 321 A.2d 58 (1974), a full examination of the pertinent facts in this case is warranted.

On April 29, 1974, the State's principal witness, at that time fourteen years of age, attended a deposition session. During the course of questioning by respondent's counsel, the following exchange took place:

> Q: Do you remember what TV show you were watching before the attack? If you remember.
> A: It was the show after Cannon.

At the trial, this witness and the respondent's counsel engaged in the following:

> Q: I believe you testified you were watching TV on this evening?
> A: Yes.
> Q: What show were you watching?
> A: Cannon.

Q: Is that the show you were watching when the man knocked on the door or was it the show after that?
A: That was the show.

The respondent's counsel at this point attempted to employ the incomplete deposition to indicate a discrepancy between the witness's testimony at trial and her statement in the deposition. It is not readily apparent that such a discrepancy in fact was established. Assuming such to exist, it is the respondent's contention that his inability to pursue this matter prevented him from fully and adequately testing the witness's credibility.

Any inquiry relating to the television program viewed by the State's witness related to her recollection of the events which transpired that evening. From a review of the trial proceedings, it is manifestly apparent that the respondent's counsel was given adequate opportunity to test this witness's recollection of events and to place her credibility before the jury. Her testimony comprised 21 pages of transcript, with 12 of those pages devoted to her cross-examination. During the course of her testimony, this witness was responsive to questions relating to the assailant's identity, the timing of the events of that evening, the manner of the assault, and the circumstances prior to and following the assault. The respondent's counsel, during his closing statement to the jury, was able to fully develop the theory underlying the defense and to work the witness's testimony within the framework of that defense, especially with respect to her recollection of time elements involved and her credibility. The jury's verdict indicated that it chose to believe the witness's version of the events, not the respondent's. In light of the extensive probing of the witness's recollection of events and the questioning of her credibility, we hold that the respondent's inability to further question her as to the television program she had watched did not result in any harm or prejudice to the respondent.

The respondent frames his appeal in terms of a denial of his constitutional right to confrontation. Our review of the cases relied upon by the respondent indicates that they are not applicable to the facts in this case. The most recent case from the United States Supreme Court (a case not briefed by either party) which most closely approaches this factual situation, *Davis* v. *Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), is also inapposite. In *Davis* the effect of the limitation of cross-

examination was to deprive the jury of the opportunity to consider the respondent's defense theory. *Id.* at 317. In the present case, the respondent, notwithstanding the limitation of cross-examination, was able to "place the witness in [her] proper setting and put the weight of [her] testimony and [her] credibility to a test". *Alford* v. *United States*, 282 U.S. 687, 692, 51 S.Ct. 218, 75 L.Ed. 624 (1931); *State* v. *Berard, supra*, 132 Vt. at 149. No error of constitutional dimension appears.

*Judgment affirmed.*