458 A.2d 1132 (1983)
In re M.W.R. and J.L.R.
No. 82-097.
Supreme Court of Vermont.
April 5, 1983.
John J. Easton, Jr., Atty. Gen., Susan R. Harritt, Asst. Atty. Gen., and Jay Hindman, Law Clerk (on brief), Montpelier, for plaintiff-appellee.
Andrew B. Crane, Defender Gen., and William A. Nelson, Appellate Defender, Montpelier, for defendant-appellant R.R.
Blum Associates, Burlington, for defendant-appellant C.R.
Before BILLINGS, C.J., HILL, UNDERWOOD and PECK, JJ., and LARROW, J. (Ret.), Specially Assigned.
UNDERWOOD, Justice.
This is an appeal by the parents of M.R. and J.R. from an order of the juvenile court declaring their children to be in need of care and supervision, and placing them in the custody of the Department of Social and Rehabilitation Services [SRS]. The parents argue, inter alia, that the court erred in admitting a tape of J.R.'s pretrial statement as a deposition because it was unsworn. We agree and reverse.
The facts as they relate to J.R.'s pretrial statement are as follows. On September 23, 1981, the statement was taken. Counsel for the father, the mother, the children and the State, as well as the guardian ad litem, were present. Counsel for the father questioned J.R., a nine year old at the time, first:
Counsel: Okay, J.R. when we do this with older people we usually put them under oath.
J.R.: What's that.

*1133 Counsel: Well, we ask them to  I'll tell you. We ask them to swear to tell the truth. With younger people sometimes we just ask them a few questions about that. Do you know what it means to tell the truth?
J.R.: Yes.
Counsel: Do you know what the truth is?
J.R.: What do you mean?
Counsel: Well, if somebody asks you a question about something that happened, do you normally  something that happened to you something that you know about  would you tell that person what really happened?
J.R.: Yes.
Counsel: Okay, and that's what's called telling the truth. Now have you been told in school and at home that you are supposed to tell the truth when someone asks you something?
J.R.: Yes.
Counsel: You are, okay. And do you know what  do you know what can happen if you don't tell the truth?
J.R.: (no verbal response)
Counsel: Okay, can you tell what sort of things might happen.
J.R.: It could get worse.
Counsel: Well, that's one thing that can happen, sure. Do you know that sometimes people are punished if they don't tell the truth; do you know that?
J.R.: (No verbal response)
Counsel: You do? Okay. . . .
After this preliminary questioning, J.R. went on to state that her father had abused her.
The case came on to trial on November 10, 1981. On November 20, 1981, J.R. was called as a witness. She refused to respond to any questions. As a consequence the court found her to be unavailable within the meaning of V.R.Cr.P. 15. Thereafter, on December 7, 1981, the court admitted J.R.'s pretrial statement as the deposition of an unavailable witness, under V.R.Cr.P. 15(g). The court did so over a strenuous objection from the father and the mother that it was not a formal deposition as J.R. had not been sworn.
J.R.'s "deposition" was the crucial evidence in the State's case of child abuse. Neither child testified in court that their father had been guilty of any abuse. On the strength of the "deposition," the court found J.R. and M.R. to be children in need of care and supervision and placed them in the custody of SRS.
On appeal, the parents contend that the court committed error when it admitted the "deposition" of J.R. as substantive evidence. Specifically, they argue that the pretrial statement was unsworn, and therefore not eligible for admission under V.R.Cr.P. 15. They are correct.
By virtue of V.R.Cr.P. 54(a)(2) the rules of criminal procedure are generally applicable to juvenile proceedings. V.R.Cr.P. 15(d) provides that depositions in criminal cases "shall be taken and filed in the manner provided in civil actions ...." The applicable civil rule is V.R.C.P. 30, which sets forth the general procedures for the taking, recording, certification, signing and filing of depositions.
A basic requirement of all depositions is that they be under oath: "The officer before whom the deposition is to be taken shall put the witness on oath ...." V.R.C.P. 30(c). This requirement is intended as an assurance of trustworthiness when the deposition is to be admitted as substantive evidence. State v. Lupien, 135 Vt. 30, 33, 370 A.2d 196, 198 (1977). Without this assurance the deposition is inadmissible.
The usual oath must be administered to the witness prior to the examination, just as if he were testifying in court. If, in the taking of depositions, the requirement of law with the respect to the oath to be administered to the witness is not complied with, the deposition cannot be used as evidence.
23 Am.Jur.2d Depositions and Discovery § 47.
The State concedes that a pretrial deposition is only valid as substantive evidence *1134 if sworn to. It argues, however, that an oath need not take the traditional form, but is satisfactory if the purpose behind the oath requirement is met. In other words, since the purpose underlying the oath requirement is to arouse the conscience of the witness, juveniles should be deemed properly sworn as long as they evince a commitment to speak the truth out of fear of future punishment of any kind. The State submits that J.R. made such a commitment.
The State's exposition of the law is correct, but its application of the facts is erroneous. J.R. was questioned preliminarily concerning her understanding of the difference between the truth and a lie, and her understanding that it was better to tell the truth. At no point, however, did she take an oath, or promise, or even say, that she would tell the truth. Thus, the pretrial statement was unsworn. Therefore, it was inadmissible as substantive evidence, and the court's ruling to the contrary constitutes reversible error.
Reversed.