# State of Vermont v. Anne Marie Paquette

[497 A.2d 358]

No. 82-270

Present: Hill, Underwood, Peck and Gibson, JJ., and
Larrow, J. (Ret.), Specially Assigned

Opinion Filed May 24, 1985

*Robert Andres*, Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Nancy E. Kaufman*, Montpelier, for Defendant-Appellant.

**Hill, J.** The defendant, Anne Marie Paquette, was charged with committing simple assault in violation of 13 V.S.A. § 1023. She was found guilty of the offense by a jury, and judgment was entered on that verdict. It is from this conviction that she now appeals. We affirm.

The defendant was charged with having assaulted another person on September 3, 1980. Within a day after the incident, the police obtained statements, describing the event, from two witnesses. At the trial, the State called both witnesses to testify. The first witness testified that he did not recall making the statement, its content, or the facts surrounding the incident. The State, however, led the witness through a series of questions based on that earlier statement, reciting some of the content of that statement in the questions posed to the witness. The State did this by prefacing the recitations with seeming questions like: "You don't recall." The defendant's attorney objected to this questioning. The judge overruled the objection, stating the State might lead the witness since he was "reluctant and hostile." The second witness, who was the victim, also testified that she could not recall the events surrounding the incident. However, she testified that she recalled giving the statement a few days after the incident. She also testified that she read over the statement after giving it, that she signed the statement, and that the statement presented at trial was a copy of the statement she gave to the police. On the basis of this foundation, the statement was admitted into evidence as an exhibit and was also read to the jury by the witness. Based on these rulings, the defendant claims that the trial court committed reversible error.

## I.

The defendant's first claim of error is that the statement by the victim was erroneously admitted into evidence. The statement

was admitted on the basis of an exception to the hearsay rule commonly known as "past recollection recorded." This common law rule was first adopted in Vermont in *Mattocks* v. *Lyman*, 16 Vt. 113, 117-18 (1844), and is presently codified in V.R.E. 803(5).[1] Documents admitted pursuant to V.R.E. 803(5)[2] must meet three requirements:

> (1) The document must pertain to matters about which the declarant once had knowledge; (2) The declarant must now have an insufficient recollection as to such matters; (3) The document must be shown to have been made by the declarant or, if made by one other than the declarant, to have been examined by the declarant and shown to accurately reflect the declarant's knowledge when the matters were fresh in his memory.

*People* v. *Kubasiak*, 98 Mich. App. 529, 536-37, 296 N.W.2d 298, 302 (1980) (interpreting Michigan Rule of Evidence 803(5) which is identical to V.R.E. 803(5)); see *United States* v. *Edwards*, 539 F.2d 689, 691-92 (9th Cir.), *cert. denied*, 429 U.S. 984 (1976), and *United States* v. *Williams*, 571 F.2d 344, 348 (6th Cir. 1978) (giving same interpretation to F.R.E. 803(5), which is identical to V.R.E. 803(5)).

---

[1] V.R.E. 803(5) provides:
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
. . . .
(5) *Recorded recollection.* A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

[2] The Vermont Rules of Evidence took effect on April 1, 1983. V.R.E. 1102(a). The trial in this case occurred before that date. We recognize, however, that the Rules of Evidence provided persuasive authority before they took effect, especially in situations such as this one, where the rule is a codification of the common law rule. In this case, both the parties, as well as the judge, appear to have relied upon the Rules of Evidence. Neither party argues that there would be a different result if this case were considered under the applicable case law instead of under V.R.E. 803(5). In fact, both briefs cite V.R.E. 803(5) as authority. We find, therefore, that in this instance the common law rule is co-extensive with the rule as codified in V.R.E. 803(5).

■ In the present case, the three requirements were met. First, the witness/declarant, as the victim of the alleged assault, once had knowledge of it. Second, her testimony indicates that at the time of the trial she had no present recollection of the events at issue. Third, the witness admitted to having made the statement shortly after the incident, and that at that time she read over the statement and signed it. Part of the statement read: "The following is a true and accurate statement to the best of my recollection." These facts sufficiently show that the statement was adopted by the witness, that the statement accurately reflected the witness's knowledge at the time it was made, and that the statement was made when the events were fresh in her memory. See, e.g., *United States* v. *Riley,* 657 F.2d 1377, 1386 (8th Cir. 1981), *cert. denied,* 459 U.S. 1111 (1983) (prior statement admissible based on the victim's lack of present memory together with her having read the statement and signed it).

■ The defendant next asserts that it was error for the statement to have been admitted as an exhibit rather then merely read into evidence. This claim is being raised now on appeal for the first time. Where alleged error is not raised before the trial court, this Court will not ordinarily address it unless the circumstances indicate a plain error has occurred. *State* v. *Anderkin,* 145 Vt. 240, 245, 487 A.2d 142, 144 (1984); *State* v. *Welch,* 136 Vt. 442, 444, 394 A.2d 1115, 1116 (1978); V.R.Cr.P. 52(b). As the alleged error is not "so grave and serious that it strikes at the very heart of the [defendant's] constitutional rights," *State* v. *Morrill,* 127 Vt. 506, 511, 253 A.2d 142, 145 (1969), it does not constitute plain error. The claim was therefore waived, and we will not address it.

## II.

■ The defendant's second claim of error is that her right to be confronted with the witnesses against her, which is guaranteed by the Sixth Amendment of the United States Constitution[3] and Chap. I, Art. 10 of the Vermont Constitution, was violated by the State's use at trial of the two witnesses' prior statements. The crux of a confrontation clause violation is the lack of an effective opportunity to cross-examine the person whose statement is being

---

[3] The guarantees of the Sixth Amendment have been incorporated into the Fourteenth Amendment and therefore apply in state court proceedings. *Pointer* v. *Texas,* 380 U.S. 400, 406 (1965).

used against the defendant. See *State* v. *Sprague*, 144 Vt. 385, 390-91, 479 A.2d 128, 131 (1984); see also *State* v. *Towne*, 142 Vt. 241, 247-48, 453 A.2d 1133, 1135-36 (1982) (defendant's right of confrontation, guaranteed by Vermont Constitution, violated by introduction of the opinion of an expert who was never brought before trier of fact and never cross-examined). In the present case, both declarants testified at trial and the defendant had the opportunity, at that time, to cross-examine each of them. We recognize that the effectiveness of such cross-examination was limited because of the witnesses' failure to recall the events described in their statements. However, because there was no denial of an opportunity to cross-examine the witnesses, no confrontation clause violation occurred. *United States* v. *Riley, supra*, 657 F.2d at 1386; see also *California* v. *Green*, 399 U.S. 149, 158, 164 (1970) (no confrontation clause violation where declarant subject to cross-examination at trial).

## III.

The defendant's third claim of error is that she was denied her due process rights because the State failed to satisfy its burden of providing sufficient evidence to prove, beyond a reasonable doubt, each element of the offense charged. *In re Winship*, 397 U.S. 358, 364 (1970). She alleges that the prior statements of the two witnesses were the sole basis of her conviction and that these statements provided insufficient evidence on which to base a conviction. The prior statement of the first witness was never admitted into evidence and therefore provided no basis to support the defendant's conviction.

The prior statement of the victim was admitted into evidence. Although it was hearsay, and provided critical evidence on the circumstances and events surrounding the alleged assault, it was not the only evidence presented at trial implicating the defendant or proving a central element of the crime. That situation arose in the case of *United States* v. *Orrico*, 599 F.2d 113 (6th Cir. 1979), where a conviction was reversed because, under those circumstances, the State failed to meet its burden. *Id.* at 117. In the present case, however, the victim testified at trial that she was involved in a fight with the defendant on the night of the incident. Additionally, a police officer testified that he saw the victim within a day of the incident in the hospital, and observed at that

time that her face was swollen, that there were bruises and abrasions on her face, neck and chin, and that she was wearing a neck brace. The use of the hearsay statement in this case, to "corroborate evidence which otherwise would be inconclusive," to "fill in gaps in the Government's reconstruction of events," and to "provide valuable detail which would otherwise have been lost through lapse of memory," was permissible. *Id.* at 119.

 Additionally, because the statement was admissible as substantive evidence, this case is unlike others in which we reversed convictions based on inadmissible hearsay. *In re M.W.R.*, 143 Vt. 6, 458 A.2d 1132 (1983); *State* v. *Towne, supra; State* v. *LaRose,* 137 Vt. 531, 408 A.2d 651 (1979). Consequently, there was no denial of due process in the use of the victim's prior statement as evidence to support the defendant's conviction. Based on this prior statement, together with the other evidence presented at trial, a jury could find that the defendant was guilty, beyond a reasonable doubt, of the offense charged. The State thus satisfied its burden of proof.

*Affirmed.*

Note. Larrow, J. (Ret.), Specially Assigned, dissented without opinion.