# State of Vermont v. Albert C. Gallagher

[554 A.2d 221]

No. 86-174

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed August 26, 1988

*Jeffrey L. Amestoy, Attorney General, Elizabeth J. Grant, Assistant Attorney General,* and *Robert Katims, Law Clerk (On the Brief)*, Montpelier, for Plaintiff-Appellee.

*Martin & Paolini*, Barre, for Defendant-Appellant.

**Allen, C.J.** Defendant was convicted of sexual assault in violation of 13 V.S.A § 3252(3). On appeal, he argues that hearsay testimony introduced at trial and sentencing violated his rights under the confrontation clauses of the state and federal constitutions. We affirm.

Defendant was charged with a single incident of sexual assault upon his stepdaughter, then nine years old. The assault took place on an evening when defendant's wife — the victim's mother — entrusted the child to defendant's supervision.

The juvenile told her teacher of the assault about a week later. The teacher promptly notified the Department of Social and Rehabilitation Services (SRS). The child was subsequently interviewed about the assault by an SRS social worker; she repeated her earlier statement of the incident made to the teacher. As a consequence of this interview and a subsequent hearing, the child was taken into state custody.

While in state custody, the child was examined by a doctor, who found physical evidence of sexual abuse. When questioned about the origin of her injuries, the juvenile detailed for the doctor the manner in which her stepfather had sexually assaulted her.

On the basis of the child's statements to the teacher, social worker and physician, as well as the physical evidence of sexual abuse, defendant was charged with sexual assault. 13 V.S.A. § 3252(3).

Defendant filed several motions in limine seeking to exclude evidence of sexual assaults on the victim occurring on dates other than the one charged in the information and all testimony of others concerning the juvenile's statements to them about the sexual assault. These motions were denied by the trial court, although the trial judge cautioned the state's attorney against refer-

ence to other acts of abuse occurring on dates previous to the one charged.

At trial, the hearsay statements of the teacher and social worker were admitted under the hearsay exception for statements of putative child victims of sexual crimes, V.R.E. 804a.[1] The hearsay testimony of the doctor was admitted under the exception for statements made to a physician for diagnostic purposes, V.R.E. 803(4).[2] At sentencing, the child's therapist testified that the child had told her about other times when the defendant sexually abused her.

Defendant argues that the hearsay testimony of the teacher, social worker, doctor and therapist was improperly admitted and that, because of the hearsay testimony, the conviction and sentencing violated his rights under the Confrontation Clauses of the Sixth Amendment to the United States Constitution and Chapter I, Article 10 of the Vermont Constitution.[3]

---

[1] V.R.E. 804a provides that:

  (a) Statements by a person who is a child ten years of age or under at the time of trial are not excluded by the hearsay rule if the court specifically finds at the time they are offered that:

  (1) the statements are offered in a criminal case in which the child is a putative victim of sexual assault under 13 V.S.A. § 3252, aggravated sexual assault under 13 V.S.A. § 3253, lewd or lascivious conduct with a child under 13 V.S.A. § 2602 or incest under 13 V.S.A. § 205, and the statements concern the alleged crime; or the statements are offered in a juvenile proceeding under chapter 12 of Title 33 involving a delinquent act alleged to have been committed against a child ten years of age or under, if the delinquent act would be an offense listed herein if committed by an adult and the statements concern the alleged delinquent act; or the child is the subject of a petition alleging that the child is in need of care or supervision under chapter 12 of Title 33, and the statement relates to the sexual abuse of the child;

  (2) the statements were not taken in preparation for a legal proceeding and, if a criminal or delinquency proceeding has been initiated, the statements were made prior to the defendant's initial appearance before a judicial officer under Rule 5 of the Vermont Rules of Criminal Procedure;

  (3) the child is available to testify either in court or under Rule 807; and

  (4) the time, content and circumstances of the statements provide substantial indicia of trustworthiness.

[2] V.R.E. 803(4) excepts from the hearsay rule "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations."

[3] While defendant asserts a violation of his constitutional rights under both the federal and Vermont constitutions, we decline to apply Vermont constitutional analysis for the first time on appeal, absent a showing of extraordinary circumstances. See State v. Maguire, 146 Vt. 49, 54, 498 A.2d 1028, 1031 (1985).

## I.

■ The juvenile's out-of-court statements to the teacher and social worker were admitted under the hearsay exception of V.R.E. 804a. This evidentiary rule requires that the child declarant be "available" at trial for the defendant's cross-examination. V.R.E. 804a(a)(3).

This Court has recently noted that " '[t]he crux of a confrontation clause violation is the lack of an effective opportunity to cross-examine the person whose statement is being used against the defendant.' " *State* v. *Tedesco,* 147 Vt. 133, 136, 513 A.2d 1164, 1166 (1986) (quoting *State* v. *Paquette,* 146 Vt. 1, 4-5, 497 A.2d 358, 361 (1985)). The hearsay exception under the Rule is specifically aimed at preventing such a violation by guaranteeing that the putative child victim will be available for the defendant's cross-examination. The Rule provides that, "[u]pon motion of either party, the court *shall require* the child to testify . . . ." V.R.E. 804a(b) (emphasis added).

Here, the child declarant testified as the primary witness for the prosecution. Defense counsel cross-examined her. Additionally, defendant had the opportunity to call the child a second time after admission of the hearsay testimony pursuant to Rule 804a(b).

Defendant argues that the Confrontation Clause demands more than an opportunity to cross-examine the declarant of admissible hearsay. He asserts that the United States Supreme Court made "unavailability" a prerequisite for the admission of all types of hearsay statements in *Ohio* v. *Roberts,* 448 U.S. 56 (1980).

> The Confrontation Clause operates in two separate ways to restrict the range of admissible hearsay. First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity.
> . . .
> The second aspect operates once a witness is shown to be unavailable. Reflecting its underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the Clause contenances only hearsay marked with such trustworthiness that "there is no material departure from the reason of the general rule."

*Id.* at 65 (quoting *Snyder* v. *Massachusetts,* 291 U.S. 97, 107 (1934)).

The Supreme Court, in *California* v. *Green,* 399 U.S. 149 (1970), further explained that

> [v]iewed historically, then, there is good reason to conclude that the Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination.
>
> . . . .
>
> . . . [I]f the declarant is present and testifying at trial, the out-of-court statement for all practical purposes regains most of the lost protections.

*Id.* at 158; see also *Kentucky* v. *Stincer,* 482 U.S. 730, 745, 107 S. Ct. 2658, 2666 (1987) (recognizing that hearsay testimony violates Confrontation Clause only when defendant is denied the opportunity to cross-examine the hearsay declarant). This Court has recently echoed this position in *State* v. *Paquette,* 146 Vt. 1, 497 A.2d 358 (1985). In *Paquette* we relied on *Green* in holding that, absent a "denial of an opportunity to cross-examine the witness[], no confrontation clause violation occur[s]." *Id.* at 5, 497 A.2d at 361.

The United States Supreme Court recently repudiated defendant's reading of *Roberts,* limiting the *Roberts* requirement that the declarant be "unavailable" to those cases where the "prosecution seeks to admit testimony from a prior judicial proceeding in place of live testimony . . . ." *United States* v. *Inadi,* 475 U.S. 387, 393 (1986). In *Inadi* the Court pointed out that "the [*Roberts*] Court specifically noted that a 'demonstration of unavailability . . . is not always required.'" *Id.* at 392 (quoting *Roberts,* 448 U.S. at 65 n.7).[4]

---

[4] This Court also interpreted *Roberts* to require the unavailability of a declarant before the declarant's out-of-court statement could be admitted. *State* v. *Tedesco,* 147 Vt. 133, 137, 513 A.2d 1164, 1166 (1986). In light of *United States* v. *Inadi,* 475 U.S. 387 (1986), it is clear now that unavailability is not required for all exceptions to the hearsay rule. The United States Supreme Court limited the unavailability requirement of *Roberts* to situations involving the admission of prior testimony by an out-of-court declarant, stating; "*Roberts* cannot fairly be read to stand for the radical proposition that no out-of-court statement can be introduced by the government without a showing that the declarant is unavaila-

The hearsay testimony at issue in *Inadi* involved the out-of-court statements of co-conspirators. In comparing the constitutional significance of the unavailability rule for admission of testimony from prior judicial proceedings, the *Inadi* Court noted that hearsay evidence

> seldom has independent evidentiary significance of its own, but is intended to replace live testimony. . . . When two versions of the same evidence are available, longstanding principles of the law of hearsay, applicable as well to Confrontation Clause analysis, favor the better evidence. . . .
>
> Those same principles do not apply to co-conspirator statements.

*Id.* at 394-95. The Court stressed that "the [out-of-court statement by a co-conspirator] often will derive its significance from the circumstances in which it was made." *Id.* at 395. Equally compelling reasons require a departure from traditional hearsay principles in admitting the out-of-court statements of putative child victims of sexual crimes which are supported by substantial indicia of trustworthiness.

Vermont Rule of Evidence 803(24) was renamed and replaced by V.R.E. 804a. The former rule made admissible the out-of-court statements of child victims of all crimes where the statements were related to the charged crime, were found to be "trustworthy," and where the child victim was available to testify. See V.R.E. 803(24) (repealed, No. 82, § 7, 1985). The Legislature significantly narrowed the scope of this hearsay exception when it replaced V.R.E. 803(24) with V.R.E. 804a because the latter pertains to child victims of only certain enumerated sexual crimes.

The Reporter's Notes to both the former and existent rules indicate that the Legislature believed that narrowing the hearsay exception was necessary in this area for two reasons. First, the special exception was needed "because [child] victims are often unable to repeat the facts of the abuse in court because of the intimidation of the process." Reporter's Notes, V.R.E. 803(24) (repealed, No. 82, § 7, 1985). This conclusion is consistent with the determinations of other states facing the same problem. The Arkansas Supreme Court, in affirming the constitutionality of a

---

ble." *Id.* at 394. That portion of *Tedesco* which requires the unavailability of a declarant for the admission of any out-of-court statement is overruled. See *id.*

nearly identical special hearsay exception for out-of-court statements of putative child victims of sexual crimes, relied on a closely analogous rationale for that rule: the high probability of a child victim recanting a statement about being abused sexually. See *Johnson* v. *State,* 292 Ark. 632, 643-44 732 S.W.2d 817, 823 (1987). The Arkansas court explicitly relied on the *Inadi* decision in rejecting the applicability of an unavailability requirement. *Id.;* see also *State* v. *Wright,* 751 S.W.2d 48 (Mo. 1988) (upholding statute similar to V.R.E. 804a).

The likelihood of child victims of sexual crimes being unable to deliver effective live testimony justifies a departure from the traditional principle of only using hearsay testimony where the declarant is unavailable. See *Johnson,* 292 Ark. 632, 732 S.W.2d 817. The rule is supported, however, by a second, equally compelling, rationale: "The new hearsay exception evinces a strong legislative intention to safeguard the right of confrontation while at the same time curing the frequent problem of lack of corroboration caused by the traditional hearsay rules." Reporter's Notes, V.R.E. 804a.

The unavailability of the declarant is not always required for exceptions to the hearsay rule. See *Inadi,* 475 U.S. 387. This particular exception is narrowly drafted for use only with out-of-court statements, found to be trustworthy, of putative child victims of sexual crimes. See V.R.E. 804a. In addition, the statutory requirement that the child declarant be available for cross-examination ensures that the defendant's rights under the Confrontation Clause are fully protected. Therefore, the requirement of V.R.E. 804a(a)(3), that the child victim be "available" to testify, does not violate the Confrontation Clause of the Sixth Amendment to the United States Constitution.

## II.

Defendant also contends that the trial court failed to make the findings of "substantial indicia of trustworthiness" for the juvenile's statements to the teacher and social worker required under V.R.E. 804a(a)(4). The transcript and findings do not support these assertions.

The "trustworthiness" of the juvenile's statements to the teacher was conceded by defense counsel during hearings on the pretrial motions. Therefore, defendant may not take issue with

the trustworthiness of those statements now. See *State* v. *Gilman,* 145 Vt. 84, 88, 483 A.2d 598, 600 (1984); cf. *English* v. *Myers,* 142 Vt. 144, 148, 454 A.2d 251, 253 (1982) ("issues not raised below will not be considered for the first time on appeal.").

■ With respect to the statements to the social worker, the trial court specifically found that the following factors supported the verity of the child's statements: the professional manner with which the interview was conducted, the internal consistency and detail of the child's story, and the child's affect, intelligence, memory and concern for the truth. If supported by credible evidence, this Court will not overturn the findings of a trial court unless they are "clearly erroneous." *State* v. *Baxter,* 145 Vt. 295, 297, 487 A.2d 163, 165 (1984). Our review of the record reveals that the trial court's finding of "trustworthiness" is well supported. Because this finding is not "clearly erroneous," it is sufficient for the purposes of V.R.E. 804a(a)(4).

### III.

■ Defendant suggests that the hearsay testimony should have been excluded as unduly "prejudicial," under V.R.E. 403. Defendant seeks to characterize the buttressing of the child declarant's statements with hearsay testimony as "prosecutorial overkill." This argument is unpersuasive given the Legislature's explicit recognition of the corroborative value of hearsay testimony admitted under the exception of V.R.E. 804a. Read in conjunction, V.R.E. 804a sections (a) and (b) contemplate that the out-of-court statements of the child declarant, as well as the child's direct testimony, will both be admitted. The Reporter's Notes to V.R.E. 804a make clear that the exception is designed to cure "the frequent problem of lack of corroboration caused by the traditional hearsay rules."

In essence, the defendant's argument of "prejudice" asks us to presume that the Legislature adopted V.R.E. 804a in ignorance of the preexistent V.R.E. 403. Such a presumption directly conflicts with this Court's rules of construction. See *Emmons* v. *Emmons,* 141 Vt. 508, 512, 450 A.2d 1113, 1115 (1982) ("fundamental rule or statutory construction that statutes dealing with the same subject matter should be construed with reference to each other as parts of one system."); *Audette* v. *Greer,* 134 Vt. 300, 302. 360 A.2d 66, 68 (1976) ("essential that the construction not be such

that [it] will render the act ineffective . . . . "). We therefore conclude that the admission of the hearsay testimony in addition to the child declarant's own statements did not constitute "unfair prejudice" within the meaning of V.R.E. 403.

## IV.

The defendant next challenges the admission of the doctor's testimony regarding the child's statements to her. Defendant alleges that this testimony was improperly admitted under V.R.E. 803(4). We agree.

At trial, the doctor testified that in examining the juvenile she had discovered injuries indicative of sexual abuse. Further, the doctor testified that the juvenile had told her how the defendant had molested her. This testimony was admitted under Vermont's special hearsay exception for statements made to a physician for purposes of medical diagnosis or treatment, V.R.E. 803(4).

The defendant argues that the juvenile's statement to the physician was improperly admitted under Rule 803(4) because it was a statement of cause. In support of this assertion defendant points to the language of the Reporter's Notes to this rule: "The rule omits a provision of the Federal and Uniform Rules that would also admit statements of the inception and cause of a condition or symptoms if pertinent to diagnosis or treatment. The guarantee of trustworthiness for such statements is significantly less than that for statements of symptoms." Reporter's Notes, V.R.E. 803(4). The defendant concludes that because the juvenile's identification of her stepfather as the person who sexually assaulted her was a statement of cause, not of a symptom, the physician's testimony was improperly admitted.

We agree that the trial court's admission of the physician's hearsay testimony under 803(4) was error. Such statements of cause are more properly admitted under Rule 804a, which requires specific findings of "trustworthiness." Yet, in view of the merely cumulative nature of the physician's testimony, and the fact that the child declarant was available for cross-examination, the resulting error was harmless. See *State* v. *Messier,* 146 Vt. 145, 157, 499 A.2d 32, 41 (1985).

Defendant also argues, as he did with respect to the hearsay testimony admitted under V.R.E. 804a, that admission of the child's hearsay statements to the physician, without the child be-

ing "unavailable," violated his rights under the Confrontation Clause. We reject this argument for the reasons discussed above in relation to the testimony of the teacher and social worker.

## V.

Defendant's next challenge is to the testimony of the child's therapist at sentencing. Defendant argues that the therapist's recitation of the child's out-of-court statements violated his rights under the Confrontation Clause. This argument has no merit.

A sentencing hearing is not a guilt-determining proceeding. Therefore, the Confrontation Clause does not prohibit the introduction of hearsay testimony. *State* v. *Morse,* 126 Vt. 314, 319-20, 229 A.2d 232, 236-37 (1967) (quoting *Williams* v. *New York,* 337 U.S. 241, 247 (1949)).

■ The requirements for the admission of hearsay testimony at sentencing are that its use be disclosed sufficiently in advance, that the defendant have an opportunity to rebut it, and that it be found "reliable" by the sentencing court. *State* v. *Ramsay,* 146 Vt. 70, 81, 499 A.2d 15, 22 (1985). Here, the sentencing court made specific findings that the child's out-of-court statements rose to the level of "reliability" required by *Ramsay.*

■ As a final matter, the defendant also argues that the therapist's testimony was improperly admitted at sentencing because it repeated the child victim's allegations of incidents of abuse by the defendant other than the one for which he was convicted. This Court made clear in *Ramsay,* however, that hearsay testimony of a victim's allegations that the defendant abused him or her on earlier occasions is admissible at sentencing because it is "of a factual, informational nature." *Ramsay,* 146 Vt. at 82, 499 A.2d at 23. Accordingly, the defendant's conviction and sentence are affirmed.

*Affirmed.*