## STATE of Vermont v. Shane T. LANDER

[582 A.2d 128]

No. 88-630

August 10, 1990. When a witness has no present recollection of a prior event, a previously recorded recollection of the event is admissible under V.R.E. 803(5) despite the proscription against the use of hearsay, V.R.E. 802, provided that the proponent lays the necessary foundation. See *State v. Paquette*, 146 Vt. 1, 3, 497 A.2d 358, 360 (1985). Defendant raised a timely objection to the use of the witness's statement based on the inadequacy of the foundation. A review of the record indicates that the witness did not adopt his prior statement as his own or aver that the statement accurately reflected his knowledge at the time of its making. Cf. *id.* at 4, 497 A.2d at 361. Therefore, the statement lacked a foundation sufficient to justify its admission into evidence. See *People v. Kubasiak*, 98 Mich. App. 529, 536–37, 296 N.W.2d 298, 302 (1980) (police report of assault victim's statement inadmissible where, although victim testified that he had no present recollection of events, the record did not indicate that he had adopted the report as true when the matter was fresh in his memory).

A prior written statement or an object may be used to refresh a witness's memory. V.R.E. 612. If the attempted refreshment is successful, the witness may proceed to testify from present memory. The rule, however, does not permit the introduction of the stimulus into evidence. See *id.*, Reporter's Notes. Where, as here, the witness's recollection remains exhausted, the prior written statement could be admitted only under an exception to the hearsay rule, such as V.R.E. 803(5). This exception provides that once a recorded recollection is admitted, the memorandum or record may be read into evidence or, if offered by an adverse party, received as an exhibit. It is the recorded statement itself and not the witness's recollection of the content of a prior recorded statement that becomes evidence. The latter constitutes hearsay. Prior statements that are not admitted into evidence as contemplated by V.R.E. 803(5) may not provide a basis upon which to support a defendant's conviction. See *Paquette*, 146 Vt. at 5, 497 A.2d at 361.

*Reversed and remanded for a new trial.*