### State of Vermont v. Donald Robar

[601 A.2d 1376]

No. 88-341

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed September 27, 1991

*William Sorrell*, Chittenden County State's Attorney, Burlington, and *Pamela Hall Johnson* and *Gary Kessler*, Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Charles S. Martin* of *Martin & Paolini*, Barre, for Defendant-Appellant.

**Dooley, J.** The defendant, Donald C. Robar, appeals from his conviction by jury for burglary in violation of 13 V.S.A. § 1201(a), arguing that testimony from an inquest was improperly considered, the evidence was insufficient to sustain his conviction, and the deferred sentence statute is unconstitutional.

We hold that the evidence was insufficient to sustain the conviction as a matter of law, and reverse.

## I.

Defendant was charged with breaking into the Fish Bank Restaurant in South Burlington in December 1985 and stealing $25 worth of beer and $100 worth of pork ribs. The charge resulted from a June 10, 1986 inquest held by the state's attorney to aid the South Burlington Police Department with the investigation of the burglary.

At the inquest, the State took sworn testimony from Tracy Atkins who testified that she was with defendant and her brother Brian Atkins one night shortly before Christmas in 1985 when they stopped near the Fish Bank Restaurant. She testified that her brother and defendant told her that they were going to the Fish Bank, and left her alone in the car for about fifteen minutes. They returned carrying two cases of beer, three or four packs of wine coolers, and fifty pounds of pork ribs. She testified that she knew the restaurant was closed when defendant and her brother went there, and that she "knew what they were going to do." She stated that the three then returned to her apartment where they ate the ribs and drank the beer.

The State called Tracy Atkins to testify at the trial, but she claimed no recollection of the events occurring on December 23, 1985. She remembered testifying at the inquest in June of 1986, but did not recall what she had said. Reading a transcript of her testimony at the inquest failed to refresh her memory. She testified, however, that at one time she remembered the events of the night of December 23, 1985, and that her testimony at the inquest was the truth as she knew it at the time when she remembered those events.

Over defendant's objection, the court then allowed the State to read the inquest testimony into evidence with the state's attorney reading the question and Atkins reading her inquest answer. In this manner, the jury heard Atkins' inquest testimony.

The State also presented other testimony from police officers involved in the investigation, and from the manager of the Fish Bank at the time of the burglary. These witnesses testified about the specific details of the burglary, such as what was stolen, and the method of entry. The only evidence presented

that identified defendant as one of the perpetrators, however, was the recorded recollection of Tracy Atkins. The case was submitted to the jury, which found the defendant guilty.

Defendant raises three arguments on appeal: (1) Atkins' inquest testimony was not properly admitted into evidence, and thus may not support defendant's conviction; (2) even if Atkins' testimony was properly admitted, it was insufficient to sustain a conviction; and (3) the court's failure to consider deferral of sentence pursuant to 13 V.S.A. § 7041 in spite of the State's refusal to consent was unconstitutional as a violation of the separation of powers. Because we find the evidence insufficient to support the conviction, we reverse defendant's conviction and do not reach the third issue.

## II.

Defendant first challenges the admissibility of Tracy Atkins' inquest testimony. The trial court admitted the testimony as past recollection recorded, under V.R.E. 803(5), which permits the admission of

> [a] memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable [her] to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in [her] memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Documents admitted under Rule 803(5) must meet three foundational requirements:

> "(1) The document must pertain to matters about which the declarant once had knowledge; (2) The declarant must now have an insufficient recollection as to such matters; (3) The document must be shown to have been made by the declarant or, if made by one other than the declarant, to have been examined by the declarant and shown to accurately reflect the declarant's knowledge when the matters were fresh in [her] memory."

*State v. Paquette*, 146 Vt. 1, 3, 497 A.2d 358, 360 (1985) (quoting *People v. Kubasiak*, 98 Mich. App. 529, 536–37, 296 N.W.2d 298,

302 (1990)); see also *State v. Lander*, 155 Vt. 645, 645, 582 A.2d 128, 128 (1990) (mem.) (statement is inadmissible if foundational requirements not met). There is no dispute that the foundational requirements were met in this case.

■■ Defendant's complaint is that the inquest testimony was never admitted, although it was before the jury. Thus, defendant argues that the inquest testimony could not be used to convict him. See *State v. Paquette*, 146 Vt. at 5, 497 A.2d at 361 (prior statement that was never admitted into evidence could not be used to convict). Defendant misperceives how past-recollection-recorded evidence is admitted. As the rule states, the record "may be read into evidence" but it may not be received as an exhibit. V.R.E. 803(5). This limitation is "to avoid the danger that undue weight might be given to the document itself." Reporter's Notes, V.R.E. 803(5). In this case, the document was read into evidence in the question-and-answer format, exactly as the rule contemplated. It was admitted and could be relied upon by the jury.

## III.

The next issue is whether Atkins' inquest testimony was sufficient evidence to sustain the defendant's conviction. Defendant argues that because of the nature of the evidence and his inability to cross-examine Tracy Atkins as to her inquest testimony, it alone cannot prove guilt beyond a reasonable doubt.

■ The standard for sufficiency of the evidence is that, "taken in the light most favorable to the State and excluding modifying evidence, there [must be] sufficient evidence to fairly and reasonably support a finding of [guilt] beyond a reasonable doubt." *State v. Papazoni*, 157 Vt. 337, 338, 596 A.2d 1276, 1276 (1991); see also *State v. Derouchie*, 140 Vt. 437, 445, 440 A.2d 146, 150 (1981) (standard in all cases is "whether the evidence, when viewed in the light most favorable to the State, is sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt"). In using this standard, we are concerned with both "the quality and strength of the evidence." *Derouchie*, 140 Vt. at 444, 440 A.2d at 149. Evidence that gives "rise to mere suspicion of guilt, or [leaves] guilt uncertain or dependent upon conjecture" is insufficient. *State v. Partlow*, 143 Vt. 33, 37, 460 A.2d 454, 456 (1983).

■  For purposes of this case, it is also important to distinguish between admissibility and sufficiency. Evidence that is admissible as bearing on a fact in issue, including the guilt of the defendant, may be insufficient standing alone to convict. *Id.* (evidence of flight). As Chief Justice Barney emphasized in *State v. Ravenna*, 151 Vt. 96, 100, 557 A.2d 484, 486 (1989), there is a distinction between evidence and proof: "Concluding that the case lacked direct proof is not the same as concluding that it lacked direct evidence. There may be evidence that does not amount to proof . . . ."

The leading case supporting defendant's claim is *United States v. Orrico*, 599 F.2d 113 (6th Cir. 1979). In *Orrico*, the government offered as sole proof of defendant's guilt two statements admitted under two separate hearsay exceptions. The first statement, prepared in the course of an investigation by the Ohio Department of Insurance, was admitted as a past recollection recorded under Federal Rule of Evidence 803(5), which is identical to the Vermont rule. The second statement, presented as testimony before a grand jury, was admitted as a prior inconsistent statement under Rule 801(d)(1)(A). Both statements were made under oath and the declarants appeared at trial, but the declarants testified that they were unable to remember the specific events that implicated defendant. Defendant was convicted solely on the prior statements of these witnesses. The Sixth Circuit Court of Appeals reversed, expressing concern that "the central element of the crime with which the defendant was charged was established entirely through the use of out-of-court statements, made at a time when the defendant had no opportunity to cross-examine the witnesses as to the accuracy of their accusations." *Orrico*, 599 F.2d at 117.

The court stated that in some "unusual" cases, such as where a "purely technical element" was being established solely through statements of past recollection recorded or prior inconsistent statements, this evidence might be considered sufficient. *Id.* at 118. Such statements "may be used to corroborate evidence which otherwise would be inconclusive, may fill in gaps in the Government's reconstruction of events, or may provide valuable detail which would otherwise have been lost through lapse of memory." *Id.* at 119. Where such evidence is

the only support for a central element of the case, however, it is insufficient to support a conclusion of guilt beyond a reasonable doubt. *Id.* at 118.

Most other courts considering the issue have relied on *Orrico* in holding that prior inconsistent statements alone are insufficient to sustain a conviction. See *Brower v. State*, 728 P.2d 645, 648 (Alaska Ct. App. 1986); *State v. Moore*, 485 So. 2d 1279, 1281 (Fla. 1986); *State v. Gommenginger*, 242 Mont. 265, 277–78, 790 P.2d 455, 463 (1990); *Chambers v. State*, 755 S.W.2d 907, 911 (Tex. Ct. App. 1988); *State v. Webb*, 779 P.2d 1108, 1115 (Utah 1989). As discussed below, the Supreme Court of New Jersey recently adopted a variant of the *Orrico* rule that allows a conviction to rest on an uncorroborated, prior inconsistent statement as long as the statement meets certain standards of reliability. See *State v. Mancine*, 124 N.J. 232, 254–56, 590 A.2d 1107, 1119 (1991).*

In *Orrico*, one statement had been admitted as a prior inconsistent statement, under Rule 801(d)(1)(A); the other as a past recollection recorded, under Rule 803(5). For the purposes of

---

* *Mancine* cites a group of cases as holding contrary to *Orrico* that an uncorroborated prior inconsistent statement can alone sustain a guilty verdict. Two of these cases primarily concern the admissibility of the prior inconsistent statement as substantive evidence and cannot fairly be said to be inconsistent with *Orrico*. See *Montoya v. People*, 740 P.2d 992 (Colo. 1987); *State v. Igoe*, 206 N.W.2d 291 (N.D. 1973). In three of the cases, the court indicated the need for corroborating evidence and found such evidence. See *Watkins v. State*, 446 N.E.2d 949, 957 (Ind. 1983) (statement corroborated by excited utterance admitted without objection); *State v. Maestas*, 92 N.M. 135, 145, 584 P.2d 182, 192 (Ct. App. 1978) (court found "sufficient independent or corroborative evidence, circumstantial in nature, that defendant committed the crime"); *Chambers v. State*, 805 S.W.2d 459, 461 n.4 (Tex. Crim. App. 1991) (disagreeing with the court of appeals, the court found that *Orrico* and cases following it were distinguishable because "in those cases, the *only* evidence of guilt was the prior inconsistent statement later recanted at trial"). The only case that could be said to be inconsistent with *Orrico* is *Acosta v. State*, 417 A.2d 373 (Del. 1980). However, *Acosta* has only a brief discussion of the constitutional question, and the court was so concerned about the possible prejudice to defendant that it reversed the conviction sua sponte because the trial court failed to instruct the jury "as to the unusual care that must be taken before convicting a defendant of a particular offense solely on the out-of-court statement of the victim inconsistent with her own in-court testimony." *Id.* at 377–78. As in *Acosta*, no special instruction about relying on the earlier testimony was asked for or given in this case.

our analysis, we see little difference between prior statements admitted under Rule 801(d)(1)(A) and those admitted under Rule 803(5). Indeed, the operation of the rules is very similar. See *People v. Flores*, 128 Ill. 2d 66, 87–88, 538 N.E.2d 481, 488–89 (1989) (testimony that witness is unable to recollect a fact is in contradiction with earlier affirmation of the fact). While a recanted statement may be less reliable than one about which the witness has no current memory, the impediment to cross-examination is greater when the witness professes no memory of the subject of the cross-examination. See Goldman, *Guilt by Intuition: The Insufficiency of Prior Inconsistent Statements to Convict*, 65 N.C.L. Rev. 1, 10–11 (1986). In either case, the quality of the evidence is so deficient that it may not be sufficiently reliable to ground a conviction on it.

We recognize that since the *Orrico* decision, the United States Supreme Court has held that use of a prior, out-of-court identification does not violate the Confrontation Clause of the Sixth Amendment even though the identifying witness is unable, because of a memory loss, to explain the basis for the identification at trial. *United States v. Owens*, 484 U.S. 554, 560 (1988). Indeed, we held the same in *Paquette*, 146 Vt. at 5, 497 A.2d at 361. *Owens* is based, in large part, on the view of the Court that the cross-examination opportunities remain adequate to meet confrontation requirements. The Court emphasized that the defendant could still cross-examine on "the witness' bias, his lack of care and attentiveness, his poor eyesight, and even . . . the very fact that he has a bad memory." 484 U.S. at 559.

Deciding that the right of cross-examination is sufficient to allow the evidence to be admitted, despite confrontation concerns, is different from deciding that the prior statement can be the sole identification evidence for conviction. No one can dispute that "the effectiveness of such cross-examination [is] limited." *Paquette*, 146 Vt. at 5, 497 A.2d at 361. We agree with *Orrico*'s basic concern that the quality of the evidence may be so "unreliable that a conviction based solely on it would deny the defendant a fair trial." Goldman, *Guilt by Intuition: The Insufficiency of Prior Inconsistent Statements to Convict*, 65 N.C.L. Rev. at 37.

■ We considered the *Orrico* reasoning in *Paquette*, 146 Vt. at 5–6, 497 A.2d at 362, but concluded that it was inapplicable because the hearsay evidence in that case was only corroborative. In general, we find the reasoning persuasive, but share with the New Jersey Supreme Court the concern that the result may be overly rigid in circumstances where the prior statement is particularly reliable. In *State v. Mancine*, the New Jersey court drew on factors it had developed in judging the adequacy of a confession as grounds to convict to hold that an uncorroborated prior inconsistent statement could suffice to prove the elements of the crime if the "statement was made under circumstances supporting its reliability and the defendant has the opportunity to cross-examine the declarant." *Mancine*, 124 N.J. at 256, 590 A.2d at 1119. In holding that the statement in that case was reliable and could support the conviction, the court emphasized that it was made shortly after the incident, it was an amplification of a statement made even earlier, the statement was casual and had an easy flow, and there were none of the "coercive tactics and status associated with findings of unreliability." *Id.* at 254, 590 A.2d at 1118. We adopt the holding of *Mancine* as consistent with our concern for both the quality and quantity of evidence in judging sufficiency under the beyond-a-reasonable-doubt standard. The State cannot meet its burden of proof if the sole evidence upon which conviction is based is past recollection recorded or a prior inconsistent statement, unless the prior statement meets specific standards of reliability.

In the present case, the sole evidence used to identify defendant as the perpetrator was the inquest testimony of Tracy Atkins. Although the jury heard testimony from other witnesses, this evidence went to elements of the crime other than the perpetrator's identity. Under the *Orrico* rule, Atkins' testimony may be used only where it is sufficiently corroborated by other evidence. Here, it is the only evidence tying defendant to the crime.

Nor do we find that Atkins' inquest testimony meets the test for reliability laid out in *Mancine*. The inquest testimony was given some six months after the events. Atkins first gave a statement to a police officer, but we do not know the date of the statement or any of the surrounding circumstances, and the

statement was not offered in evidence. While we do not have the details, the testimony was apparently given as part of a deal involving potential criminal charges against Atkins. Also, it appears to have been given on the incorrect understanding that defendant had confessed to the crime. The cross-examination at trial was perfunctory because Atkins also testified to no memory of the inquest and the events surrounding it. The only testimony related to the night of the incident was that "I was extremely drunk that night," an apparent explanation for why Atkins had no memory of the events.

■ ■ Because Atkins' testimony is insufficient to sustain defendant's conviction, it must be reversed and a judgment of acquittal entered. Where an appellate court finds the evidence to be legally insufficient to support a conviction, double jeopardy bars the retrial of defendant. *Burks v. United States*, 437 U.S. 1, 18 (1978). Therefore, we do not reach defendant's final argument.

*Reversed.*