# ENTRY ORDER

## SUPREME COURT DOCKET NO. 2014-070

## MARCH TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Franklin Unit, |
| | } | Criminal Division |
| Derrick D. Jones | } | |
| | } | DOCKET NO. 1304-11-13 Frcr |
| | } | |
| | | Trial Judge: Martin A. Maley |

In the above-entitled cause, the Clerk will enter:

Defendant was charged with attempted second-degree murder in November 2013 in connection with an alleged stabbing. At his arraignment, he was held without bail pursuant to 13 V.S.A. § 7553. Defendant filed a motion to review bail, which was denied by the trial court after a hearing on February 12, 2014. Defendant appeals, arguing that the evidence presented at the hearing does not constitute "great" evidence of guilt as required by § 7553. We reverse and remand to the trial court to set conditions of release, with the understanding that the State may present additional evidence to support denial of bail.

The State presented the following evidence at the hearing. First, a witness, Edward Bennett, testified that he was present during the incident, but denied telling two law enforcement officers at the hospital after the incident that defendant was the one who had stabbed the victim. Next, Sargent Keith McMahon testified that he encountered the victim soon after the incident, and that he was bleeding heavily and being physically supported by several others, including Bennett. Sargent McMahon later spoke with Bennett at the hospital. Bennett refused numerous times to tell Sargent McMahon who had committed the stabbing, but changed his mind when Sargent McMahon told him that the victim's condition was deteriorating, about an hour after the incident. Due to a hearsay objection, Sargent McMahon did not say whom Bennett had identified as the perpetrator. Finally, Detective Paul Morits testified that he spoke with Bennett at the hospital after the incident, and witnessed his discussion with Sargent McMahon. According to Detective Morits, Bennett was upset about the stabbing, and seemed to become more excited and agitated when Sargent McMahon told him that the victim was in poor condition. Detective Morits stated that Bennett then identified defendant as the perpetrator; his statement was admitted under the excited utterance exception to the hearsay definition. See V.R.E. 803(2). Detective Morits also testified that he saw the victim the next day, and that he had wounds in his chest and back.

Based on this evidence, the trial court found sufficient evidence to support the elements of attempted second-degree murder and consequently denied bail under § 7553. The court noted that it had discretion on whether to release defendant, but that it would continue to hold him without bail. Defendant appeals, arguing that there was insufficient evidence as to the elements

of identity and intent, and that the trial court did not adequately exercise its discretion by considering conditions of release under § 7554.

Because defendant is charged with an offense punishable by life imprisonment, he may be held without bail if "the evidence of guilt is great." 13 V.S.A. § 7553. "In determining whether the evidence of guilt is great, we consider whether substantial, admissible evidence of guilt, taken in the light most favorable to the State, can fairly and reasonably convince a fact-finder beyond a reasonable doubt that defendant is guilty." State v. Pellerin, 2010 VT 26, ¶ 11, 187 Vt. 482, 996 A.2d 204 (quotation omitted). In order to meet this standard, the State must present a prima facie case, with substantial admissible evidence to support each element of the crime. State v. Duff, 151 Vt. 433, 439-40, 563 A.2d 285, 262-63 (1989).

This standard was not met in the instant case. The State's only evidence as to the identity of the perpetrator was a hearsay statement made by Bennett in the hospital an hour after the incident, as Detective Morits testified. Even assuming without deciding that this hearsay statement is admissible as an excited utterance, it is insufficient to sustain a conviction. Standing alone, a hearsay statement—even if admissible—generally will not be sufficient to support a conviction unless the circumstances indicate that the statement is particularly reliable. State v. Robar, 157 Vt. 387, 395, 601 A.2d 1376, 1380 (1991). The statement here does not bear indicia of reliability—it was not corroborated by supporting evidence, and was in fact denied by the declarant while on the stand. Without more, the statement would not support a conviction, and thus it cannot support the denial of bail under § 7553.

Because we reverse on this basis, we need not reach defendant's other arguments. We reverse and remand for a hearing as soon as reasonably practicable to set conditions of release. We note, however, that if the State presents appropriate additional evidence of defendant's guilt, the trial court is not restricted from denying bail at that time or taking the evidence into consideration in setting the amount of bail and conditions of release.

Reversed and remanded.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

☐ Publish

_____
John A. Dooley, Associate Justice

☒ Do Not Publish

_____
Beth Robinson, Associate Justice